# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| CHRISTOPHER M. VICKERS, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. CIV 14-528-RAW-KEW |
| CARL BEAR, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss Petitioner's second amended petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, a pro se prisoner in custody of the Oklahoma Department of Corrections, is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma. He is attacking his conviction in Pittsburg County District Court Case Number CF-2007-465 for Shooting With Intent to Kill (Counts I and II), Possession of a Firearm After Conviction of a Felony (Count III), Attempting to Elude a Police Officer (Count IV), and Possession of Stolen Property (Count V), all after former conviction of two or more felonies.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on November 29, 2007, Petitioner entered guilty pleas to the five counts in Case No. CF-2007-465 and was sentenced (Dkt. 19-2). On April 20, 2011, he filed a certiorari appeal to the Oklahoma Court of Criminal Appeals (OCCA) which was denied on November 15, 2011. *Vickers v. State*, No. C-2011-286 (Okla. Crim. App. Nov. 15, 2011) (Dkt. 19-3). His conviction became final on February 13, 2012, ninety days after his certiorari appeal to the OCCA was denied. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired). His statutory year began to run the day after his conviction became final or on February 14, 2012. Therefore, the deadline for filing a federal petition for a writ of habeas corpus was February 14, 2013, absent statutory tolling. *See* 28 U.S.C. § 2244(d)(1)(A).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is suspended while a

properly-filed application for state post-conviction relief or other collateral review is pending. Petitioner's first post-conviction application (Dkt. 19-4) was filed on January 19, 2012, before his conviction became final, so it had no tolling effect until February 14, 2012, the first day of the statutory year.

On February 17, 2012, Petitioner filed a second application for post-conviction relief that reasserted the claims in the first application and added further documentation to support the application (Dkt. 19-5). On March 16, 2012, he filed an amended application for post-conviction relief, amending the claims made his the January 19, 2012, application, and presumably those in the second application filed on February 17, 2012 (Dkt. 19-6). On May 29, 2012, the district court denied Petitioner's application for post-conviction relief filed on January 19, 2012, and as amended on March 16, 2012 (Dkt 19-8).

On May 21, 2012, Petitioner filed an application for secondary post-conviction relief (Dkt. 19-7), which the district court denied on May 31, 2012 (Dkt. 19-9). On June 19, 2012, Petitioner filed another petition for secondary post-conviction relief (Dkt. 19-10), and on June 25, 2012, the district court denied that petition (Dkt. 19-11). While each of Petitioner's post-conviction applications was pending, his statutory year was tolled. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) ("The one-year period of limitation for filing a federal habeas petition is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period.").

On July 6, 2012, Petitioner appealed the district court's denial of his January 19, 2012, post-conviction application (Dkt.19-12). On August 13, 2012, the OCCA declined jurisdiction, because the appeal was filed more than 30 days from entry of the district court's decision, in violation of Rule 5.2(C)(2), *Rules of the Oklahoma Court of Criminal Appeals*,

3

Title 22, Ch. 18, App. (Supp. 2008) (Dkt. 19-13 at 1-2).

In *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), the Tenth Circuit held that the tolling of a properly filed application for post-conviction relief includes the time an applicant could seek appellate review of a state court's denial of his application, whether or not he actually seeks such review. Although Petitioner's appeal was untimely, the statutory year was tolled during the 30 days in which he could have properly sought review with the Oklahoma Court of Criminal Appeals.

Therefore, Petitioner's statutory year was tolled 162 days. Petitioner's tolling began on February 14, 2012, the day his conviction became final and his first post-conviction application was pending. The tolling ended on July 25, 2012, which was 30 days after the district court's June 25, 2012, denial of the June 19, 2012, petition for secondary post-conviction relief.

On December 31, 2012, Petitioner filed another application for post-conviction relief (Dkt. 19-15). On February 22, 2013, the district court summarily denied the application with an order for the State to submit a formal Journal Entry within 30 days (Dkt. 19-16). The Journal Entry denying the post-conviction application was filed on March 13, 2013 (Dkt. 19-17). Therefore, Petitioner's statutory year was tolled from December 31, 2012, until February 14, 2013, the expiration date of Petitioner's statutory year, for a total of 45 days. Because the post-conviction proceedings still were pending, the statutory year was suspended. *See May*, 339 F.3d at 1237.

On March 18, 2013, Petitioner appealed the district court's minute order entered on February 22, 2013, to the OCCA (Dkt. 19-18). The OCCA, however, dismissed the appeal as premature (Dkt. 19-19). There is no tolling during the pendency of this appeal, because

4

it was not properly filed. *See Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006) ("The statute of limitations may be tolled . . . during the pendency of any 'properly filed application for State post-conviction or other collateral review.'"). Petitioner, however, is entitled to tolling for the 30 days in which he could have sought an appeal after the proper denial of post-conviction relief entered on March 13, or until April 12, 2013, for a total of 57 days. *See Gibson*, 232 F.3d at 804.

On August 2, 2013, Petitioner filed another post-conviction application (Dkt. 19-20), which was denied on September 6, 2013 (Dkt. 19-21). Including the 30 days in which he could have sought an appeal of the denial, the tolling is extended 65 days to October 6, 2013. Adding the tolling for 57 days and 65 days, for a total of 122 days, to September 6, 2013, this petition had to be filed on or before January 6, 2014. The petition, however, was not filed until December 4, 2014.

After Petitioner's statutory year had ended, he filed yet another post-conviction application in the district court on February 12, 2014 (Dkt. 19-22). The application was denied on June 11, 2014, and he filed an appeal to the OCCA on July 10, 2014 (Dkt. 19-24). Because this application for post-conviction relief and appeal were filed outside the statutory year, Petitioner is not entitled to statutory tolling during the pendency of this collateral review. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Petitioner filed a petition for a writ of habeas corpus in this court on January 25, 2012 in Case No. CIV-12-035-RAW-KEW, which was dismissed on August 27, 2013, for failure to exhaust state court remedies. The filing of a federal habeas petition, however, does not

toll the AEDPA's statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

On October 22, 2014, he filed a motion for leave to file a second or successive habeas corpus petition in the Tenth Circuit Court of Appeals which dismissed the motion on November 10, 2014 (Dkt. 19-26). This request to file a second and successive petition also was outside the statutory year, so there was no tolling. *See Clark*, 468 F.3d at 714.

Petitioner has not acknowledged that this petition is untimely, and he has made no argument in support of equitable tolling. Instead, he has filed a reply to the respondent's motion to dismiss, asking the court to dismiss this petition without prejudice, "pending Direct Appeal, Exhaustion of State Remedies, to No Fault of Petitioner's . . . ." (Dkt. 20 at 4). Because the court finds that pursuing another habeas corpus petition would be futile, the court finds this petition should be dismissed as barred by the statute of limitations.

The court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as time-barred (Dkt. 18) is GRANTED, and this action is, in all respects, DISMISSED. Furthermore, Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 15th day of March 2016.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

6